Kester C. ROMANS, Jr., Plaintiff— Appellant,

v.

**UNITED STATES FOREST SERVICE; et al., Defendants—Appellees.**

**Nos. 08–35327, 08–35255.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 27, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**591**

the Alaska National Interests Lands Conservation Act because Romans was provided reasonable access to his property via a USFS approved private road. *See* 16 U.S.C. § 3210(a) (requiring access to non-federally owned land within the boundaries of the National Forest System must be provided to secure the owner reasonable use and enjoyment thereof). The district court properly concluded that the conditions placed on Romans's use of this road were reasonable. *See* 36 C.F.R. § 251.114(b), (d), (e) (authorizing the USFS to subject private road access to the payment of fees and costs, and permitting the creation of cooperative management arrangements to ensure landowner responsibilities are met); *Adams v. United States,* 255 F.3d 787, 794 (9th Cir.2001) (explaining that access to inholder property is subject to reasonable regulation by the USFS).

The district court properly dismissed Romans's remaining claims for the reasons stated in its dismissal order.

Kester C. Romans Jr., Livingston, MT, pro se.

Mark Steger Smith, Esquire, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, for Defendants–Appellees.

John G. Franks, Esquire, Livingston, MT, pro se.

We do not consider issues raised for the first time on appeal. *See Foti v. City of Menlo Park,* 146 F.3d 629, 638 (9th Cir. 1998).

Romans's remaining contentions are unpersuasive.

Romans's outstanding motions are denied.

**AFFIRMED.**

Before: GRABER, GOULD, and BEA, Circuit Judges.

### MEMORANDUM **

Kester C. Romans, Jr. appeals pro se from the district court's judgment partially dismissing and partially granting summary judgment in his action alleging, inter alia, that the United States Forest Service ("USFS") denied him access to his real property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Barnett v. Centoni,* 31 F.3d 813, 815, 816 (9th Cir.1994) (per curiam). We affirm.

The district court properly granted summary judgment on Romans's claims under

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.